1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7        NORTHERN DISTRICT OF CALIFORNIA
8
9    MICHAEL JOHN KOZAK,
                    Petitioner,                    Case No.  13-cv-03338-JST (PR)
10
11          v.                                     **ORDER OF DISMISSAL**
12   M. SPEARMAN, Warden,
                    Respondent.
13
14
15          Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility
16   in Soledad, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.
17   § 2254.  By order filed October 28, 2013, the Court dismissed the petition with leave to amend and
     directed petitioner to file an amended petition using the Court's habeas corpus petition form on or
18
     before November 25, 2013.  The Court also noted that petitioner's prison trust account showed he
19
     has sufficient funds to pay the $5.00 filing fee for a habeas action.  The Court therefore directed
20
21   petitioner to pay the requisite fee on or before November 25, 2013.  Petitioner was advised that
22   failure to pay the filing fee within the designated time would result in dismissal of this action.
23   Petitioner was also advised that failure to file an amended petition within the designated time
24   would result in dismissal of this action.
25          Petitioner has filed a timely amended petition.  Petitioner has not, however, paid the $5.00
26
27   filing fee, and the deadline in which to do so has passed.
28

*United States District Court*
*Northern District of California*

In any event, the petition appears to be subject to dismissal due to petitioner's failure to exhaust state court remedies.  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  See Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals.  See id.  If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court.  See id. at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  Petitioner has not done so.  He indicates in his amended petition that he has not presented his claims, either on direct appeal or in a petition for habeas relief, to the California Supreme Court.  (Dkt. No. 7 at 3-5.)  To exhaust his claims, petitioner must properly raise them in the California Supreme Court.  Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust.  See Granberry, 481 U.S. at 134.

///

///

///

///

///

Accordingly, the Court orders as follows:

1.     The petition is DISMISSED on the ground that petitioner has failed to pay the filing fee.  The dismissal is without prejudice to refiling if petitioner pays the fee.

2.     The petition is DISMISSED on the separate and independent ground that petitioner has failed to exhaust state court remedies.  The dismissal is without prejudice to refiling after available state judicial remedies are exhausted.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  December 8, 2013



_____
JON S. TIGAR
United States District Judge